```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                   :
MARSH & McLENNAN COMPANIES, INC. and                               :
MARSH & McLENNAN AGENCY LLC,                                       :
                                                                   :
                              Plaintiffs,                          :   Case No.  1:19-cv-07011-JMF
                                                                   :
            -against-                                              :
                                                                   :
EDWARD ORAVETZ, DAVID POTTS, ELISHA                                :
JOHNSON, KEITH MCNEELY, and MARILU                                 :
BARAHONA-ALEJANDRE a/k/A MARILU                                    :
BARAHONA a/k/a MARILU ALEJANDRE,                                   :
                                                                   :
                              Defendants.                          :
                                                                   :
------------------------------------------------------------------ x
```

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiffs, Marsh & McLennan Companies, Inc. and Marsh & McLennan Agency LLC and Defendants Edward Oravetz, David Potts, Elisha Johnson, Keith McNeely, and Marilu Barahona- Alejandre a/k/a Marilu Barahona a/k/a Marilu Alejandre (collectively, the "Parties," and each a "Party"), by and through their respective counsel in the above-captioned action (the "Action"), as follows:

**I.  Scope of the Stipulated Confidentiality Agreement and Protective Order**

1. All Confidential Discovery Material (as defined below) disclosed in this Action shall be handled by the Parties in accordance with this Stipulated Confidentiality Agreement and Protective Order (the "Stipulation"). This Stipulation does not affect the rights of any Producing Party (as defined below) to use any Confidential Discovery Material it has produced or disclosed.

**II. Definitions**

2. "Discovery Material," as such term is used herein, shall refer to:

a. all deposition testimony;

b. all documents, material or information produced by either Party (i) in response to any discovery request, (ii) pursuant to any Order or direction of the court in the Action (the "Court"), or (iii) pursuant to any agreement between the Parties; and

c. all documents, material or information submitted or produced by any Non-Party (i) in response to any subpoena issued this Action, (ii) pursuant to any Order or direction of the Court, or (iii) pursuant to any agreement between the Parties, or with any Party.

3. "Person" means any individual or an entity.

4. "Producing Party" means a Person who produces or allows for the inspection of Discovery Material in this Action.

5. "Receiving Party" means a Person who receives or inspects Discovery Material in this Action.

6. "Designating Party" means a Person who designates Discovery Material as "Confidential" or "Attorney's Eyes Only" in this action. A Person may be a Designating Party with respect to particular Discovery Material regardless of whether the Party is a Producing Party of that material.

7. "Confidential Information" is Discovery Material which qualifies for protection under Federal Rule of Civil Procedure 26(c) and that the Designating Party in good faith believes in fact is confidential. Discovery Material which may be designated as "Confidential" includes but is not limited to (i) confidential research, development, or commercial information; (ii) confidential or proprietary financial information; (iii) operational data business plans, and

competitive analyses; (iv) personnel files; and (v) personal or private information that is protected by law. Confidential Information also includes any live or recorded deposition testimony regarding Discovery Material previously designated as "Confidential Information".

8. "Attorneys' Eyes Only Information" is Discovery Material which contains certain Confidential Information that is so highly sensitive to the Designating Party that it believes in good faith that such disclosure is reasonably likely to cause significant harm to the Designating Party. Attorneys' Eyes Only Information may include but is not limited to highly sensitive information within the following categories: (1) business/strategic plans and forecasts; (2) trade secrets; (3) actual or projected financial information including but not limited to revenues, costs, expenditures, compensation and profits; (4) actual or projected non-public marketing information including future marketing plans; (5) actual or projected-sales and financial data; (6) technical information regarding actual and potential new products or services; (7) information regarding existing or prospective clients or customers; and (8) source code. Attorneys' Eyes Only Information also includes any live or recorded deposition testimony regarding Discovery Material designated as Attorneys' Eyes Only.

9. "Confidential Discovery Material" means any Discovery Material which a person designates as Confidential or Attorneys' Eyes Only.

**III. Designation of Discovery Material as Confidential or Attorneys' Eyes Only;**

10. A Designating Party shall designate Confidential Discovery Material by marking all pages of such Confidential Discovery Material as either "Confidential" or "Attorneys' Eyes Only."

11. The designation of a document as Confidential Discovery Material is a certification by an attorney that the document contains Confidential Information or Attorneys' Eyes Only Information as defined in this Stipulation and Order.

12. Discovery Material shall not be designated as Confidential or Attorneys' Eyes Only if it was at any time prior thereto: (i) disclosed to any third party without a confidentiality designation equal to or greater than that which is being asserted in this matter; (ii) was known to the public, (iii) was known to the recipient without a prior designation of confidentiality before the Producing Party disclosed it; or (iv) if known to the recipient by lawful means not constituting a breach of this Stipulation. Discovery Material may not be designated as Confidential or Attorneys' Eyes Only if the Receiving Party lawfully obtained it publicly and independently of this litigation.

13. Any deposition testimony may be designated as Confidential or Attorneys' Eyes Only upon written Notice of Designation by the Designating Party to the Receiving Party within thirty (30) days following receipt by the Designating Party of a copy of the transcript of any deposition which includes testimony the Designating Party seeks to designate as Confidential Discovery Material. Any testimony timely designated as Confidential or Attorneys' Eyes Only shall be treated in accordance with the directives and limitations of such designation under the terms of this Stipulation. Prior to the conclusion of the above-referenced thirty-day period, all recordings and transcripts, and the information contained therein, will be deemed to be Attorneys' Eyes Only in their entirety under the terms of this Stipulation. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information or Attorneys' Eyes Only Information.

14. Neither Party shall be obligated to challenge the propriety of the designation of any Confidential Discovery Material, and a failure to do so shall not preclude any subsequent objection to such designation or any motion to seek permission to disclose such Confidential Discovery

Material to persons not referred to in this Stipulation, or from otherwise modifying the provisions of this Stipulation.

15. A Person may at any time notify the Designating Party, in writing, or in the case of testimony, either upon the record of such testimony or in writing later, of its objection to the designation of any material as Confidential Discovery Material. The following procedure shall apply to any such objections:

    (a) Meet and Confer. A party objecting to the designation of Confidential Information or Attorneys' Eyes Only Information must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within five (5) business days; and

    (b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a letter motion in accordance with the procedure for discovery disputes set out in the Individual Rules and Practices in Civil Cases of the Hon. Jesse M. Furman (Revised November 12, 2019). In the event such resolution is sought, the Discovery Material at issue shall be treated in

accordance with the confidentiality designation asserted and subject to this Stipulation and Order until the matter has been resolved by agreement of counsel of record or by Order or direction of the Court.

16. Any translations of Confidential Information or Attorneys' Eyes Only Information shall bear the same designation as the original information and items.

### IV. Use and Disclosure of Confidential or Attorneys' Eyes Only Information:

17. The Parties shall not use or disclose Confidential Discovery Material other than in connection with the Action.

18. Absent written permission from the Designating Party or further Order by the Court, the recipient may not disclose Attorneys' Eyes Only Information to any Person other than the following:

    a. a Party's counsel of record, and such counsel's employees and agents including paralegals, secretaries and clerical personnel, to whom it is necessary to disclose information for purposes of performing work on this action;

    b. in the case of a corporate Party, in-house attorney(s) of the Party whose access to the information is reasonably required to supervise, manage, or participate in performing work on this Action so long as such in-house attorney(s) is/are designated in accordance with the procedure set forth in paragraph 19;

    c. a stenographer and videographer recording testimony concerning the information;

d. the Court and personnel assisting the Court, including any mediator retained by the Parties to mediate this case and including members of the jury; and

e. experts and consultants and their staff specifically retained for this Action and to whom disclosure is reasonably necessary for this case;

f. personnel of graphics, litigation support (including translators), engaged by a Party or its attorneys in connection with this lawsuit, who have agreed in writing to the provisions of this Order prior to receipt of Protected Matters.

g. any other person as to whom the Producing Party agrees in writing.

19. Unless agreed to in writing by the Designating Party or otherwise ordered or directed by the Court, a corporate Party that seeks to disclose to designated in-house attorney(s) any information or item that has been designated Attorneys' Eyes Only information must provide a notice to the Designating Party that (1) sets forth the full name of the designated in-house attorney(s), and (2) describes the designated in-house attorney(s) current and reasonably foreseeable future primary job duties. Consent to a corporate Party's designation of in-house attorney(s) to receive any information or item that has been designated Attorneys' Eyes Only information will not be unreasonably withheld. A Designating Party who wishes to object to the designation of any in-house attorney(s) as a recipient of Attorneys' Eyes Only information must provide reasonable grounds for doing so no later than three (3) business days following receipt of notice of the designation. A corporate Party that receives a timely objection to the designation of an in-house attorney as a recipient of Attorneys' Eyes Only information must try to meet and

confer with the Designating Party within five business days of the objection in an attempt to resolve the matter. If no agreement is reached concerning the designation of a corporate Party's in-house attorney to receive Attorneys' Eyes Only information within the five business day day period set out in the preceding sentence, the corporate Party may file and serve a letter motion in accordance with the procedure for discovery disputes set out in the Individual Rules and Practices in Civil Cases of the Hon. Jesse M. Furman (Revised November 12, 2019).

20. Absent written permission from the Designating Party or further Order by the Court, the recipient may not disclose Confidential Information to any Person other than the following:

    a. the Parties;

    b. counsel of record and such counsel's employees and agents to the extent necessary to perform work on this Action;

    c. the Court (including court reporters, stenographic reporters, and other Court personnel);

    d. witnesses in the course of providing testimony in the Action or preparation therefor;

    e. such outside experts and consultants as counsel may, in good faith, require to provide assistance in the conduct of the Action; and

    f. any other person as to whom the producing Party agrees in writing.

21. Before making disclosure of any Confidential Discovery Material to anyone described in subsection (e)-(g) of Paragraph 18 above, or subsections (d)-(f) of Paragraph 20 above, a Party must obtain an agreement in writing, in the form attached hereto as Exhibit A, from such person reciting that he or she has read a copy of this Stipulation and agrees to be bound by its

provisions, including, without limitation, (i) that he or she will not use or disclose the Confidential Discovery Material other than in connection with the Action, and (ii) that he or she will return to counsel of record, at the earlier of the conclusion of his or her involvement in the Action, or the conclusion of the Action, all Confidential Discovery Material that has been provided to him or her and all copies thereof ("Supplemental Confidentiality Agreement"). Each such Person shall not make any copies of Confidential Discovery Material except as may be necessary in connection with their participation in the Action, and shall handle all copies of Confidential Discovery Material in accordance with this Stipulation. Each Party shall produce at deposition a copy of each Supplemental Confidentiality Agreement previously executed by the deponent.

22. A Party may disclose Confidential Information or Attorneys' Eyes Only Information to any Person who authored or lawfully previously received all Confidential Information or Attorneys' Eyes Only Information therein.

23. All Confidential Discovery Material filed with the Court shall be the subject of an application to seal in accordance with the procedures set out in the Local Rules and Individual Rules and Practices in Civil Cases of the Hon. Jesse M. Furman (Revised November 12, 2019).

24. This Stipulation and Order does not, by itself authorize the filing of any document under seal. Any party wishing to file a document under seal in connection with a motion, brief or other submission to the Court must comply with all applicable Local Rules and the Individual Rules and Practices in Civil Cases of the Hon. Jesse M. Furman (Revised November 12, 2019).

25. Nothing in this Stipulation and Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information or Attorneys' Eyes Only Information at a hearing or trial shall bring that issue to the Court's and other Party's attention by

motion or in a pretrial memorandum without discussion of the protected information therein. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

## V. Inadvertent Disclosure

26. A Person's inadvertent production of any documents, material or information produced (i) in response to any discovery request, (ii) pursuant to any Order or direction of the court in the Action (the "Court"), or (iii) pursuant to any agreement between the Parties lacking a confidential designation will not be deemed a waiver of any claim to-or estop a Designating Party from designating such material as Confidential or Attorneys' Eyes Only at a later date. Disclosure of said material by the Receiving Party before such later designation shall not be deemed a violation of the provisions of this Stipulation. If the Receiving Party disclosed the inadvertently produced document or communication prior to notification by the Producing Party of a designation constituting classifying such document(s) as Confidential or Attorneys' Eyes Only, the Receiving Party shall take reasonable steps to retrieve the inadvertently produced document or communication and provide all recipients with a copy of this Stipulation.

## VI. Third Party Requests

27. If a Receiving Party is called upon to produce Confidential Discovery Material in order to comply with a court Order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Discovery Material is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such Order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Discovery Material. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with

any court Order, subpoena, or other direction by a court, administrative agency, or legislative body.

## VII. <u>Enforcement</u>

28.     This Stipulation shall be binding upon the Parties to this Action and all other Persons who receive Confidential Discovery Material and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

29.     The Parties acknowledge that any breach of this Protective Order may result in immediate and irreparable injury for which there is no adequate remedy at law.  If anyone violates or threatens to violate the terms of this Protective Order, the Parties agree that the aggrieved Designating Party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and if the aggrieved Designating Party does so, any respondent who is subject to the provisions of this Protective Order may not employ as a defense that the aggrieved Designating Party possesses an adequate remedy at law.

30.     The provisions of this Stipulation are without prejudice to the right of any Person to seek other or additional protection from the Court.

31.     Nothing contained in this Stipulation shall be deemed a waiver of any privilege or immunity or to affect in any way the admissibility of any document, testimony, or other evidence at hearing in the Action.

32.     Nothing in this Stipulation shall preclude any modification of this Stipulation by written agreement of the Parties, or by Order of the Court *sua sponte* or on motion of a Party.

33.     Within sixty (60) days following the request of a Party after termination of the Action or any subsequent Court proceedings arising out of the Action, all Confidential Discovery

Material, including all copies, excerpts, notes and other materials containing or summarizing information derived therefrom, shall be returned to the Producing Party's attorneys or destroyed, and all persons who possessed such material shall verify in writing its return or destruction. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct.

34. The terms of this Stipulation shall survive the final termination of this action to the extent that any Confidential Discovery Material are not or do not become known to the public (or to the extent that any Confidential Discovery Material has become known to the public due to a violation of this Stipulation. This Court shall retain jurisdiction over this Action for the purpose of enforcing this Stipulation.

35. Any disputes arising out of this Stipulation, or the enforcement thereof, shall be submitted to the Court.

36. Each Party consents to the submission of this Stipulation to the Court to be "So Ordered."

*\*\*\**

*<The remainder of this page intentionally left blank>*

*<Signature page to follow>*

Date: December 12, 2019

| FREEBORN & PETERS LLP | WINSTON & STRAWN LLP |
|---|---|
| By: /s/ Steven D. Pearson<br>Steven D. Pearson (*pro hac vice*)<br>Richard T. Kienzler (*pro hac vice*)<br>Joel B. Bruckman (*pro hac vice*)<br>Katelyn P. Sprague (*pro hac vice*)<br>311 South Wacker Drive, Suite 3000<br>Chicago, Illinois 60606<br>Telephone: (312) 360-6000<br>Facsimile: (312) 360-6520<br>sdpearson@freeborn.com<br>rkienzler@freeborn.com<br>jbruckman@freeborn.com<br>ksprague@freeborn.com | By: /s/ Stephen L. Sheinfeld<br>Stephen L. Sheinfeld<br>Seth E. Spitzer<br>Michael A. Fernández<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 294-6700<br>Facsimile: (212) 294-4700<br>ssheinfeld@winston.com<br>sspitzer@winston.com<br>mafernandez@winston.com |

-and-

Andrew A. Wooden
230 Park Avenue,
Suite 630
New York, NY 10169
Telephone: (212)-218-8760
awooden@freeborn.com

| *Attorneys for Defendants Edward Oravetz, David Potts, Elisha Johnson, Keith McNeely, and Marilu Barahona-Alejandre a/k/a Marilu Barahona a/k/a Marilu Alejandre* | *Attorneys for Plaintiffs Marsh & McLennan Companies, Inc. and Marsh & McLennan Agency LLC* |
|---|---|

**SO ORDERED:**

**HON. JESSE M. FURMAN**

December 13, 2019

# EXHIBIT A

## Supplemental Confidentiality Agreement

I, _____, hereby acknowledge that I have read the foregoing Stipulated Confidentiality Agreement and Protective Order (the "Stipulation") in the Action captioned *Marsh & McLennan Agencies, LLC v. Oravetz*, Case No. 1:19-cv-07011-JMF, that I understand the terms of the Stipulation, that I agree to be bound by such terms, and that I agree to submit to the jurisdiction of the Southern District of New York with respect to enforcement of the Stipulation.

Dated: _____

_____
Signature

_____
Print Name

_____
Address